AUGUST J. DEICHMANN *et al.*, Appellants, *v.* JOHN DEICHMANN, Respondent.

1. *Tender — Sale of real estate — Suit for specific performance — When tender need not be made.* — When the vendor of land claims to have rescinded, and repudiates and denies the obligation of the contract, placing himself in such a position that it appears that if tender were made its acceptance would be refused, then no tender need be made by the vendee. In such case it is enough if the latter, in a suit for specific performance, offer by his bill to bring in the money when the amount is liquidated and he has his decree for performance.

*Appeal from St. Charles Circuit Court.*

*Chas. Dandt* and *Wm. A. Alexander*, for appellants, cited Brock v. Hidy, 13 Ohio St. 306.

*Orrick & Emmons*, for respondent.

BLISS, Judge, delivered the opinion of the court.

This is a petition for the specific performance of a contract for the sale by defendant to Frederick Deichmann, the father and husband of the plaintiffs, during Deichmann's life, of the undivided half of some seventy acres of land situate in St. Charles county. In regard to some of the allegations of the petition, the testimony is contradictory; but it is undisputed that the legal title was in defendant, and that on the 15th of August, 1864, he and Frederick Deichmann executed a written agreement by which they entered into partnership in regard to the land in controversy, and that Frederick was to have half of the land and crops. The consideration is not very clearly stated, but the language must mean that Frederick was to pay the balance then due upon the land. John was unmarried, and it is undisputed that Frederick and his wife went upon the farm; that his wife kept house without assistance for both John and Frederick, did all their washing, cooking and mending, and aided them in outdoor work; that all three gave their whole energies to improving and working the place, and that everything, land, stock and crops, were regarded as the joint property of the brothers. At the death of Frederick, in August, 1868, John administered the partnership property, and inventoried the farm and everything upon it as belonging jointly to himself and Frederick. Before Frederick's death John had executed a deed to him of an undivided half, but the witnesses disagree as to whether it was ever delivered, John claiming that it was not, and was destroyed before his death because Deichmann could not pay for his interest, and his widow testifying that it was destroyed after his death. There is direct contradiction also in regard to the amount to be paid, *i. e.*, the cost of the land and the amount due upon it, and as to

what was actually paid by Frederick. The deed to John mentions $500 as the consideration, but he testifies that he paid much more; and as to an item of a little over $100, which was paid by Frederick, John claims that it was the product of the farm, while others testify that it was Frederick's private property.

The plaintiff's equity is clear, but the amount due John is not ascertained and cannot be without an account. In taking the account the labor of the brothers should be considered as equal, but John did nothing to offset the labor of Frederick's wife. Without it they never could have improved the place as they did, and though she did not actually clear land or erect buildings, she worked faithfully and her work was just as necessary as that of the brothers, and contributed to making the farm what it is, and was just as efficient in the production of the surplus that was applied toward paying for it. A reasonable amount should therefore be allowed for her labor.

The defendant raises a legal question which probably controlled the action of the Circuit Court in dismissing the petition, to-wit: that no tender had been made of the balance of the purchase-money. Ordinarily such tender or offer to pay is essential, upon the principle that one who seeks equity must do equity. But in the language of the Supreme Court of Ohio in Brock v. Hidy, 13 Ohio St. 306, "this general rule is not invariable or without exceptions. And among the well-established exceptions to this rule is this, that when the vendor claims to have rescinded, repudiates and denies the obligation of the contract, placing himself in such a position that it appears that if the tender were made its acceptance would be refused, then no tender need be made by the vendee. In such a case it is enough if the plaintiff offer by his bill to bring in the money when the amount is liquidated and he has his decree for performance." The same doctrine is held in Hunter v. Daniel, 4 Hare's Eq. 420, and in other cases. In Cary v. Smith, 2 N. Y. 60, a tender of a deed was held to be unnecessary when the purchaser had notified the seller that he had abandoned the contract and would not take the land. The obligation to do equity does not require a mere useless formality, but a substantial willingness to perform the agreement, and that

Tennison, by next friend, v. Tennison et al.

willingness should be evidenced by an offer to perform, unless the party is excused by the circumstances of the case.

In the present case the tender is not only excused by the conduct of the defendant, but by the uncertainty as to the amount actually due.   An account between the partners is necessary to ascertain it, and the plaintiffs allege that they are ready to perform whenever the amount is ascertained.   Under these circumstances tender is excused.

The judgment is reversed and the cause remanded, with directions to take an account between the parties, and upon ascertaining the amount due upon the contract, to decree its performance upon payment of such amount within a reasonable time to be named by the court.   The other judges concur.