C. S. McManus, Appellant, *v.* M. A. Gregory et al., Respondents.

### January 20, 1885.

1. Sales — Auctions — Privileges. — An auction sale of one lot of real estate with the privilege in the purchaser to take an additional lot is, when the purchaser exercises that privilege, a separate sale of each lot.

2. —— Vendor's Option of Redemption — Bonus — Contracts. — Under a provision, in a contract of sale at auction, that the vendor might redeem the property sold by paying a *bonus* of from seven to thirty dollars, the purchaser may demand the larger sum as a condition of redemption.

3. —— Specific Performance — Tender. — In an action for the specific performance of a contract to convey real estate, where it clearly appears that a tender would have been unavailing, a tender of the purchase-money is unnecessary.

4. Contracts — Construction of — Reservations. — Exceptions or reservations in an instrument of writing will be construed most strongly against the person making them, where, with equal reason, they admit of two constructions.

Appeal from the St. Louis Circuit Court,
*Reversed and remanded.*

D. D. Fassett and Sim T. Price, for the appellant: The sales were separate. — *Moore* v. *Bonnet,* 40 Cal. 251;

*Southwell* v. *Beegley*, 5 Ore. 458 ; *Jenness* v. *Wendell*, 51 N. H. 66 ; *Van Eps* v. *Schenectady*, 12 Johns, 436 ; *Wells* v. *Day*, 124 Mass. 38 ; *Roots* v. *Dormer*, 4 Barn. & Adol. 77 ; *Emmerson* v. *Heelis*, 2 Taut. 38. Words of exception or reservation in any instrument are regarded as the words of the party in whose favor the exception or reservation is made. *Lofield's case*, 10 Rep. 106 b ; *Donnell* v. *Columbia Ins. Co.*, 2 Sumn. 366–381 ; 2 Pars. Con. ( 6th ed. ) *505, 507. And they would be construed against such party. — *Cardigan* v. *Armitage*, 2 B. & C. 197 ; *Bullen* v. *Deming*, 5 B. & C. 842 ; *Jackson* v. *Hudson*, 3 Johns. 387 ; *House* v. *Palmer*, 9 Ga. 497 ; *Jackson* v. *Lawson*, 11 Johns. 191. A tender was not necessary. — *Clarke* v. *Drake*, 63 Mo. 360 ; *Quinn* v. *Brittian*, Hoff. Ch. 353.

JOHN BOYLE and L. B. VALLIANT, for the respondents.

ROMBAUER, J., delivered the opinion of the court.

The plaintiff brought an action for specific performance of a contract of sale of real estate. The defendant filed a general demurrer to the plaintiff's petition, which the court sustained. The plaintiff refused to plead any further, whereupon the court rendered final judgment in favor of the defendant.

The error complained of is the action of the court in sustaining the defendants' demurrer. The petition is as follows : " Plaintiff for her amended petition herein filed by leave of court, states that heretofore, to wit : on the 21st day of May, 1883, the defendants then were and now are the legal owners of two certain lots of ground in the city of St. Louis and State of Missouri, with a brick dwelling house and certain other improvements on each lot ; said lots being more particularly described as Nos, 1511 and 1513 Clark Avenue, block 210, each lot being 25 feet front on Clark Avenue by a depth of 173 feet ; the same being valuable property and with the tenement accommodations in the rear and situated on said lots, renting annually for

about $1,300 for the two pieces of property. That about the same time and before and since said 21st day of May, 1883, Fisher & Co. was a firm, composed of S. J. Fisher, doing a real estate business in the city of St. Louis. That on or about said 21st day of May, 1883, said Fisher & Co. was the duly appointed and legally authorized agent of the defendants to make sale of said two lots and improvements, at public auction and to prescribe the terms therefor and to bind said defendants in all things in and about said sale.

" That on or about May 21, 1883, said Fisher & Co., for and on behalf of defendants, and acting as their duly authorized agent, for the information, use, and benefit of prospective buyers, issued and put forth a printed pros_ pectus or advertising hand-book, setting forth the time and terms of the proposed sale of said property, together with a large quantity of other real estate, which said prospectus among other things, set forth the following terms and conditions of sale, to wit : —

" ' TO PURCHASER :

" ' The owners of every piece of property listed for this sale having fully determined to sell, thus furnishing an opportunity for purchasers to get bargains, there will not be a by-bid, either by an owner or any one representing him, during the day, as every patron to this sale has given his free and unqualified consent to this arrangement, on account of the privilege granted him as hereinafter. mentioned. The owners of every piece listed are more than anxious to realize on their property at once and without delay, although it be at a sacrifice, as seen from the fact of their going to the expense incurred in conducting a sale of this description. There is no (nor will there be) fixed or cut and dried price that any given property must bring, owners being willing to risk the market and purchasers determining the amount to be brought. If, however, any piece of property is knocked down at this sale

at a price that the owner considers too great a sacrifice, he will have the right, within forty-eight hours after the sale to redeem the same by paying a bonus of not less than seven dollars and not more than thirty dollars.

" ' This sum, together with the earnest money, will be turned over to the purchaser and sale declared off, it being the determination to make this sale an open and fair transaction as between buyer and seller. * * *

#### " ' TITLE.

" ' Owners vouch that the title to every piece of property offered at this sale is good. All earnest money will be refunded and examiner's fee paid by Fisher & Co., if title is not found in all respects perfect. Full warranty deeds given.

#### " ' TAXES.

" ' Taxes of 1882, and all previous years, seller must of course pay. Taxes of 1883 purchaser to deduct one-half the amount from first payment. The deed will then read : *Warrant and defend against claims of all person whomsoever except against taxes for 1883.*

#### " ' TERMS.

" ' One-third cash, one-third in one year, one-third in two years, interest on deferred payments six per cent, payable annually, secured by deed of trust on property sold.

#### DEPOSIT.

" ' $30.00 required down on purchase of property on $1,000 or under. $50.00 on sales between $1,000 and $2,000. $75 on sales between $2,000 and $5,000 and so on. That part of each plat colored red is the property for sale.'

" That plaintiff came into possession of a copy of said prospectus or hand-book, and acting on the faith of the offers therein made, attended said advertised sale at the

time and place designated.  That at said sale one of said lots, twenty-five feet by one hundred and seventy-three feet, being No. 1513 of ' Plat No. 29 ' of said prospectus, and the improvements thereon, were put up at public auction by Lanham & Sutton, the auctioneers, duly and legally authorized by defendants to make said sale, and sale thereof by them made, with the privilege of the purchaser of said lot and improvements taking the other of said lots, twenty-five feet by one hundred and seventy-three feet, being No. 1511 of ' Plat No. 29 ' of said prospectus, and the improvements thereon, at the same sum and price bid for said first lot and improvements.

" That at said auction sale, plaintiff was the highest bidder for said first lot and improvements thereon, plaintiff's bid therefor being $4,075, and the same was knocked down to plaintiff by said auctioneers for that sum and price.  That plaintiff then and there also elected to take said other lot and the improvements thereon for the sum and price of $4,075, and said auctioneers then and there declared plaintiff to be the purchaser thereof, and duly entered on ' Plat 29 ' of said prospectus, the fact that plaintiff was the purchaser of said respective lots.  That plaintiff afterwards paid Fisher & Co., agent of said defendants, the amount of earnest money required, to wit: $50, which deposit was accepted by said Fisher & Co., and the facts entered in due form by said agent of defendants, that plaintiff had become the purchaser of said property.

" That afterwards, and within forty-eight hours after the sale of said property, defendants, through said Fisher & Co., their agent, tendered to plaintiff the sum of $50 earnest money paid by plaintiff, and the further sum of $30 as a bonus, and declared to plaintiff that defendants had elected to redeem the property sold, and would not make deeds therefor.  That plaintiff refused to accept said tender, and demanded then and there, of said defendants, deeds for said property, which deeds said defendants again refused to

give. That plaintiff then was, now is, and ever since has been ready and willing to comply with all the terms and conditions of said sale, and that defendants have ever refused and now refuse to make deeds to plaintiff for said property.

"Plaintiff says, that the premises being considered, she has no adequate remedy at law, and she prays the court to order and direct that said defendants do comply with the terms of said sale, and convey to plaintiff, by good and sufficient warranty deeds, the said two pieces of property above described, and for such other and further relief as to the court shall seem meet and proper."

The demurrer to the petition, raises three questions only : —

1. Was the sale recited in the petition, the sale of two pieces of property.

2. Was the vendor, in order to save his rights to redeem, required to pay the highest bonus mentioned in the prospectus for each piece of property.

3. Is the allegation in the petition that the plaintiff was and is ready and willing to comply with the terms and conditions of such sale sufficient without a specific averment of tender.

If any of these questions are answered in the negative, the plaintiff's petition must be adjudged insufficient  If they are all answered in the affirmative the judgment must be reversed.

The first point is free from doubt.  Whatever may have been the difference of opinion formerly, the rule is now well settled, that where an estate is sold in separate lots, and one person buys several lots there is a distinct contract of sale for each lot.   1 Pars on Con. (6th ed.) 495 ; *Van Eps* v. *City of Schenecteday*, 12 Johns. 435; *Wells* v. *Day*, 124 Mass. 38; *Casemajor* v. *Strode*, 2 Myl. & K. 706; *Sevin* v. *Guest*, 1 Russ. 325.

The vendor could have enforced the contract for the sale

of either of the lots, if the title to the other would have failed (Waterman on Spec. Per. of Con., sect. 396), and it would be a strange anomaly to hold, that the contract was a separate contract of sale for each lot at the option of the vendor, but not at the option of the vendee.

But beyond this it would be a forced construction to hold that two separate lots, each marked and designated by its own number, and each containing separate improvements, are not two " pieces of property."

The second question raises a proposition, much closer but must also be answered in the affirmative. The words of the prospectus are : —

" If however any *piece* of *property* is knocked down at this sale, at a price that the owner considers too great a sacrifice, he will have a right within forty-eight hours after the sale to *redeem the same* by paying a bonus, not less than seven, and no more than thirty dollars." (The italics are those of the court.)

This clause can mean only one of the two things. Either the owner may determine the amount of the bonus, which he is willing to pay, and fix it at any sum between seven and thirty dollars, or that the purchaser may determine the bonus, for which he is willing to part with the advantages of his bargain, and fix it at any sum not exceeding thirty dollars for each piece of property bought. In the absence of any fixed rule governing the interpretation of such reservations, it is evident that there would be equal reason to adopt either construction, and no reason whatever to adopt a third.

But it is a settled rule that words of exception or reservation in any instrument, are regarded as the words of the party in whose favor the exception or reservation is made, and must be construed against such party, where with equal reason they admit of two different constructions. *Earl of Cardigan* v. *Armitage*, 2 B. & C. 197 ; *Bullew* v. *Deming*,

5 B. & C. 842; *House* v. *Palmer*, 9 Geo. 497 ; *Jackson ex dem. Snyder* v. *Lawrence*, 11 Johns 191.

In *Dunn* v. *Spurrier* (3 B. & P. 403), it was held, overruling former cases on that subject, that a lease granted for seven, fourteen, or twenty-one years, was a lease at the option of the lessee for either of these periods, and the same doctrine was reaffirmed by Lord Ellenborough in *Webb* v. *Dison* (9 East 16), that learned judge placing his decision on the ground that since the option in its nature could not be exercised by both parties, it should be exercised by the lessee in preference to the lessor.

We must, therefore, in conformity with settled rules hold, that under the facts stated in the petition the option of fixing the amount to be paid as a bonus for redemption, rested with the purchaser, and that the vendor, to redeem, was bound to tender thirty dollars, for each piece of property sold.

It must be evident on a careful examination, that any attempt to give to this clause a different meaning or construction by the aid of other clauses in the same instrument, would necessarily lead us into that region of conjecture and surmise, which the triers of the law and fact, ought alike to avoid.

If there are any facts, outside of those recited in the petition, showing or tending to show that the vendors' obligations were not as therein shown, such facts are proper matters of defence, and should be shown by answer.

We are of opinion that the law on the third point is likewise with the plaintiff. The plaintiff avers that he demanded deeds of the defendant, which the defendant refused to give, and that he was then ready and willing, and is now ready and willing to comply with the terms of the contract on his part. We are referred to no case which would require him to make a tender, when it is apparent that a tender would be unavailing. The case of *Dieckmann* v. *Dieckmann* (49

Mo. 109), cited by defendant, as far as it bears on this case, sustains plaintiff's position, so do other authorities. See Waterman on Spec. Perf., sect. 446 and cases cited.

All the judges concurring, the judgment is reversed and the cause remanded, to be proceeded with in conformity with this opinion.