A. P. HARWOOD *et al.*, Respondents, v. J. O. DIEMER, Appellant.

### St. Louis Court of Appeals, April 29, 1890.

1. **Real-Estate Broker:** RIGHT TO COMPENSATION. When a real-estate broker, employed to sell or exchange lands by the owner thereof, finds a purchaser for the property, and does everything which he agreed to do, and the trade fails, not on account of any default on his part or on that of the purchaser, but because it is repudiated by the land-owner, the broker is entitled to compensation.

2. **Tender:** WAIVER. After a party to a contract has repudiated it, he is not entitled to a tender of performance by the other contracting party. Proof of a tender is not necessary, when it is shown that it would not have been of any avail, if made.

*Appeal from the Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

AFFIRMED.

*O. H. Travers*, for appellant.

*Goode & Cravens*, for respondents.

ROMBAUER, P. J.—This is an action by plaintiffs, who are real-estate agents, to recover from the defendants a compensation agreed upon for effecting an exchange of his property. It was agreed upon the trial that the plaintiffs were entitled to recover the sum of one hundred and fifty dollars, the amount actually recovered, provided that they were entitled to any compensation under the facts shown. There is very little controversy touching the facts, which the trial court, sitting as a jury, as appears by its declarations of law, found to be as follows :

The defendant placed his farm in the hands of plaintiffs for sale or exchange. The plaintiffs found a customer named Maus, who was willing to exchange some town property, owned by him, for defendant's farm, on terms satisfactory to both parties. Owing to the facts hereinafter stated, the title papers could not be at once exchanged, and the parties executed a preliminary agreement. This agreement bore date August 18, 1886, and contained the following provisions : Each party was to make a perfect title to the other of the property given in exchange, subject to certain incumbrances mentioned in the agreement, and each party was to furnish an abstract of title to the other. Possession was

to be exchanged November 1, 1886. The agreement contained the following stipulation : "If it be impossible to make absolute title, because of existing disability on the part of said Diemer, then in that case Maus and Diemer may exchange title bonds, giving Diemer ample time to perfect his title to said farm." This clause was put into the agreement on account of the fact, which was known to all parties, that the defendant's wife refused to relinquish her dower in the farm, and had instituted a suit for divorce against the defendant, which was then pending, but which the defendant was in hopes of adjusting prior to November 1, 1886. Before the time fixed for exchange of possession, the defendant repudiated the agreement, and told both the plaintiff and Maus that he would not carry out his contract touching the exchange of the lands. The divorce suit was pending November 1, 1886, but was subsequently adjusted, and the defendant upon the trial declared his willingness to consummate the trade then. On and prior to November 1, 1886, Maus told the defendant that he was prepared to carry out his part of the agreement, but he made no tender to him of an abstract of title or a bond for a deed. Subsequent to November 1, Maus traded his property to other parties.

These being the facts established by the evidence, the judgment of the court is now challenged by the defendant on two grounds: The defendant claims that, as his inability to make perfect title was known to the plaintiffs at the date of the agreement, and as such inability was not removed prior to November 1, 1886, the trade fell through, for causes within the contemplation of all parties. He also claims that, as no abstract of title or bond for a deed was ever tendered to him by Maus, he was under no obligation to consummate the trade, even if otherwise bound to do so, by executing a bond for a deed.

Neither of these propositions is tenable. It is true that all parties knew, at the date of the agreement, that

the defendant was not then in a condition to make perfect title. For that purpose they postponed the final consummation of the agreement to November 1, and, in view of the fact that the defendant might not even at that date be able to make a perfect deed, they gave him an option of making his bond for a deed at the latter date, giving him ample time to make title by deed, which it appears the defendant could have subsequently done. The case of *Budd v. Zoller*, 52 Mo. 243, relied on by the defendant, which was decided by a divided court and against a strong dissenting opinion by Judges EWING and WAGNER, has no bearing on this case. There the agents agreed to procure a loan and failed to procure it, owing to a defect in the defendant's title, which they agreed to examine themselves; but here the plaintiffs did all that they agreed to do, found a purchaser who was ready and willing to carry out his part of the agreement, and the trade failed, not owing to their default, or the default of the purchaser, but simply because the defendant himself repudiated it. That, under such circumstances, the broker is entitled to compensation has always been the law of this state. *Bailey v. Chapman*, 41 Mo. 536; *Tyler v. Parr*, 52 Mo. 249; *Timbermann v. Craddock*, 70 Mo. 638.

The second proposition contended for by the defendant is equally without merit. Conceding, for the sake of argument only, that the plaintiffs, besides securing a purchaser, rested under the further obligation of getting the purchaser to carry out his agreement, yet they were not bound to show a tender on the part of Maus of the abstract of title or bond contemplated by the agreement. Proof that a tender, if made, would have been unavailing, dispenses with the necessity of a proof of tender, even in those actions where a tender is essential to a recovery. *Deichmann v. Deichmann*, 49 Mo. 109; *McManus v. Gregory*, 16 Mo. App. 375.

All the judges concurring, the judgment is affirmed.