MISSOURI LAND COMPANY OF SCOTLAND, Defendant in Error, v. D. L. BAYLOR *et al.*, Plaintiffs in Error.

St. Louis Court of Appeals, May 4, 1897.

1. **Contract for Sale of Land:** SUIT TO ENFORCE VENDOR'S LIEN: PLEADING: TENDER. In an action on a contract to enforce a vendor's lien for the purchase price of real estate, where defendant in its answer alleged that it had no power under its charter to acquire real estate, it could not complain of the failure of the petition to allege the tender of a deed to the land.

2. ———: ———: ———: MATURITY OF INSTALLMENTS. Nor was there any ground for complaint that the last installment of the purchase money was not due when the action was begun, where the amended petition alleged that, by the terms of the contract, all the installments had matured when it was filed, and there was no evidence that the contract was different from its legal effect as pleaded.

*Error to the Barry Circuit Court.*—HON. J. C. LAMSON, Judge.

AFFIRMED.

*Pepper & Steele* and *J. B. McGuffin* for plaintiffs in error.

In an action by plaintiff to foreclose the contract, and to recover the purchase price of real estate, it must allege and prove that it has tendered a deed in pursuance of the terms of the contract. *Cole v. Wright*, 50 Ind. 296; *McCaslin v. State*, 44 *Id.* 151; *Turner v. Lassiter*, 27 Ark. 662; *Wakefield v. Johnson*, 26 Ark. 506; *Klyce v. Broyles*, 37 Miss. 524; Sudg. on Vendors, sec. ——.

Plaintiff's petition does not state facts sufficient to constitute a cause of action. It can not recover the purchase money and at the same time retain the title to the land. *Pershing v. Canfield*, 70 Mo. 140; *McLeod v. Snyder*, 110 Mo. 298, and citations.

A condition precedent should be pleaded, either by alleging the facts showing a performance, or that plaintiff duly performed all the conditions on its part. Plaintiffs' petition contains no such allegation. R. S. 1889, sec. 2079.

If the petition fails to state facts sufficient to constitute a cause of action, the defect is not cured by the statute of jeofails, by judgment, or by a failure to take advantage of such defect in the court below, especially not where an averment necessary to authorize a recovery is omitted in the pleading. *Weil v. Greene Co.*, 69 Mo. 281, and citations; *Barron v. Frink*, 30 Cal. 486.

The allegations of the petition show that $74.90 of the purchase price of the land was not due when the suit was begun. Therefore, no judgment should have

been rendered, but the suit should have been dismissed. *Grier v. Fox*, 4 Mo. App. 522; *Turk v. Stahl*, 53 Mo. 437.

*Cloud & Davies* for defendant in error.

The Pease Piano Company, by its answer, expressly repudiates the contract, denies its authority to make it, and should not be allowed to come into this court and defend on a different theory. *Walker v. Owen*, 79 Mo. 563.

If defendants had raised the question of tender, so as to render it necessary to plead a tender, it might have been done by replication. *Snyder v. Murdock*, 51 Mo. 175.

When sale is made for nonpayment of an installment of a mortgage, and there is a surplus after paying the amount due, the court may retain this, and apply it to the subsequent installments as they mature, or immediately apply the surplus to the payment of the notes not yet due. 2 Jones on Mort., sec. 1707.

Suit may be brought in equity to foreclose a mortgage, on default in the payment of any of the installments, even in the absence of a provision in the mortgage to that effect. 1 Beach on Mod. Juris., sec. 493.

Although suit was commenced when only a part of the debt or one installment was due, if the whole sum matures before the decree is entered, this should be the ordinary form for a sale of the property to satisfy the whole debt. 2 Jones on Mort., sec. 1577.

BOND, J.—The amended petition alleges that plaintiff sold defendant, L. A. Chapman, eighty acres of land, for the price of $400, and seven per cent interest thereon; that $50 was paid in cash, and the remainder

to be paid in five equal installments, falling due respect-
ively on April 1, 1892, and on each of the next four
years thereafter.  The petition then alleges, "that no
payment has been made on account of the said install-
ments, and by the terms of said contract all of the same
have fallen due, and with ten per cent interest thereon
per annum, from the date of their maturity respectively,
and are now due and owing from defendants to plain-
tiff as purchase money for said real estate.  That by
the terms of said contract, no assignment thereof or of
the premises aforesaid, or any part thereof, should be
valid unless made with the consent of plaintiff, and
such assignment be indorsed thereon or permanently
attached to said contract and be countersigned by the
agent of plaintiff.  That on the fifth day of October,
1893, said defendant L. A. Chapman, by assignment in
writing under his hand and seal and duly acknowl-
edged, indorsed on said contract, assigned said con-
tract and premises to defendant D. L. Baylor for value
received, by the terms of which assignment said D. L.
Baylor, for value received, did guarantee the payment
of the purchase money then due or to become due on
said tract of land, both principal and interest, which
said assignment was countersigned by the agent of
plaintiff, with the express understanding and agree-
ment in writing, that in consenting to recognize said
assignment the plaintiff did not exempt the original
purchaser from any of his liabilities under said con-
tract.

"On the eleventh day of December, 1893, said de-
fendant, D. L. Baylor, by his writing under his hand
and seal, duly acknowledged and permanently attached
to said contract for value received, assigned said con-
tract and premises to defendant, Pease Piano Company,
by the terms of which assignment the said Pease Piano
Company in writing, for value received, did guarantee

the payment of the purchase money then due and to become due on said contract and on said tract of land, both principal and interest, which said agreement was countersigned by George A. Purdy, the agent of plaintiff, with the express understanding and agreement in writing, that in consenting to recognize said assignment plaintiff did not exempt the original purchaser from any of his liabilities under the said contract. Wherefore, plaintiff prays judgment against all of said defendants for said overdue and unpaid purchase money, with interest as aforesaid and costs; and that the same be decreed a first lien and charge on all the right, title, and interest of defendants in said property and real estate, and that all the right, title, and interest of the said defendants therein be sold to satisfy said judgment; and that if the proceeds of sale thereof be insufficient, the remainder of the judgment be levied on other property of the defendants, or that plaintiff, at its election, may have a general execution against defendants for said indebtedness and all other and proper relief.''

A separate answer to this petition was filed by the Pease Piano Company, one of defendants, which denied all facts not admitted, and then averred its incorporation as a piano manufacturer, and that as such had no power to contract for the purchase of land, nor to bind itself for the payment of money on such purchases; that it never ratified the act of its agent in the matters alleged in the petition; that the contract therein mentioned had been surrendered. There was a decree for plaintiff against all of the defendants for $518.60, charging the same as a lien upon their interest in the land. The case is here by writ of error. The first error assigned is that the petition fails to allege a tender by plaintiff of a deed to the land whose purchase money is sought to be recovered.

The record is silent as to the terms of the contract in suit further than the statement of its legal effect contained in the petition.    It is alleged that CONTRACT for sale of land: suit to enforce vendor's lien: pleading: tender. "plaintiff sold to said defendant Chapman the following described real estate."    It is further stated that he (Chapman) assigned in writing, under seal and duly acknowledged, the contract and premises to defendant Baylor, and the latter in the same manner assigned to the Pease Piano Company.    From aught that appears from the record the contract in question may not have contained the covenant for a warranty deed upon full payment of the price which would have been proper in a bond for title to real estate, or it may have contained a conveyance in fee with a reservation of a vendor's lien for the purchase money.    In either event the decree would have been warranted by the petition.    In the absence. of an affirmative showing that the decree is not sustained by the cause of action set forth in the petition, it can not be set aside where the objections are based only upon the record proper.    But we are of opinion that the complaint of the failure of the petition to allege a tender of a deed is not well taken, even if we could presume that the contract sought to be enforced was a mere bond for title with the usual covenants.    The statements of the petition show that whatever title to the land was transferred by the contract is now vested solely in the defendant, the Pease Piano Company.    Its separate answer alleges that it had no power under its charter to acquire title to real estate, and for this reason that the assignment to it did not carry the title, and that accordingly the contract had been surrendered to plaintiff.    This was a clear and distinct repudiation by the only party entitled to a deed of any right thereto on its part.    A tender need never be shown where the party to whom it should be made refuses in advance to accept

it. This is just what that defendant did by its answer. Hence it is not in a position to complain that it did not receive an offer of that which it could not take. A petition to recover the amount due upon an agreement for the sale of land is not essentially defective because it fails to allege a tender of the deed before suit. True it is that the vendor in a title bond can not collect the purchase money and retain the title to the land. But if no demurrer or objection is interposed to his suit for the purchase money a decree in his favor can be sustained, if a tender is made on the trial, or if the decree requires him to make a deed upon the payment of the amount adjudged. This results from the fact that the covenant to convey and the covenant to pay are concurrent only. The covenant to convey is not a condition precedent to the performance of the covenants of the vendee, hence a tender of the performance of the covenants to convey need not be alleged to have been made prior to the suit, it being sufficient for plaintiff to show a willingness to convey on the payment of the purchase money, which as has been shown may be manifested by a tender on the trial or a recital in the decree requiring a conveyance on receipt of the purchase money. *Pershing v. Canfield*, 70 Mo. 140; *McLeod v. Snyder*, 110 Mo. 298. In the case at bar if the contract was only a bond for title, as to which we are not informed, defendant might have objected to the petition by demurrer or motion for its failure to make a tender of a deed to the land. Defendant did not do this, but filed an answer expressly releasing plaintiff from the obligation to make a tender on the trial, and warranting the court in excluding that requirement from its decree. The point under discussion must therefore be ruled against the plaintiff in error.

Neither is there any merit in the contention that the last installment of the purchase money was not

due when the suit was originally begun. The amended petition alleges that by the terms of the contract all the installments had fallen due when it was filed. The contract may have provided that upon failure to pay some of the installments, all would at once become due at a given rate of interest. This is reasonably implied in the language of the petition. There being no evidence that the contract was anywise different from this allegation of its legal effect, and defendants having brought to this court only the record proper, are not in a position to question the correctness of the judgment, within the scope of the petition, and rendered upon testimony not before us. The judgment herein must be affirmed. All concur.