CLAUDE N. COMSTOCK, Appellant, v. JOSEPH LAGER, Respondent.

Kansas City Court of Appeals, February 6, 1899.

Tender: UNCONDITIONAL: MUTUAL AND CONCURRENT PROMISES: READINESS AND ABILITY. Generally a tender must be absolute and unconditional, but this word in connection with mutual and concurrent promises only means a readiness and willingness accompanied with an ability to do the acts which the agreement requires, provided the other party will concurrently do the things which are required of him; and so a party who makes a tender for a deed under contract need not part with the money until he receives the deed, and the offer to take the money accompanied with a refusal to make the deed is a refusal of the tender and it is a useless ceremony to count out the money.

*Appeal from the Nodaway Circuit Court.*—HON. C. A. ANTHONY, Judge.

REVERSED AND REMANDED (with directions).

W. C. ELLISON for appellant.

(1) Was the tender which appellant made to respondent, prior to commencing this suit, properly made? It is

Comstock v. Lager.

scarcely necessary to remark that at the trial of a cause, one will not be permitted to object to the legality of a prior tender, for reasons other than those given at the time the tender was made, especially if the reason not given is a trivial one, and one which could have been easily satisfied at the time. 25 Am. and Eng. Ency. of Law, p. 916, rec. q.; Adams v. Helm, 55 Mo. 468; Thayer v. Meeker, 86 Ill. 471; McManus v. Gregory, 16 Mo. App. 375, 382; Johnson v. Garlichs, 63 Mo. App. 578; Clark v. Weis, 87 Ill. 438; Engelbach v. Simpson, 33 S. W. Rep. 596; Tex. Civ. App. Jan. 1896; Wheelock v. Tanner, 39 N. Y. 486; Halpin v. Ins. Co., 118 N. Y. 175; Mankel v. Belscamper, 84 Wis. 218; Johnson v. Carnage, 45 Mich. 14; Blunt v. Tomlin, 27 Ill. 93. (2) Had no tender been made before commencing suit, and had appellant neglected to take the money into court, ought the court to have dismissed the bill? Of course not, appellant in his petition, having alleged a willingness and readiness to perform the special agreement on his part, it being conceded that appellant was entitled to the release, on paying the $200, the only question remaining for the court to decide was one relating to which of the parties should pay the costs. Morris v. Hoyt, 11 Mich. 9; Whelan v. Reilley, 61 Mo. 565, 569; Boston v. Nichols, 47 Ill. 353; Clark v. Drake, 63 Mo. 354; Kline v. Vogel, 90 Mo. 240, 244-245. (3) Since respondent by his answer and conduct at the trial denied generally our right to any relief, is he not estopped from taking advantage of the failure to tender before trial? Downing v. Plate, 90 Ill. 268; Morris v. Hoyt, 11 Mich. 9; Harper v. Rosenberger, 56 Mo. App. 388, 393; Deichmann v. Deichmann, 49 Mo. 107; Mastin v. Grimes, 88 Mo. 478.

JOHN W. TOMPSON and GALLATIN CRAIG for respondent.

(1) Respondent contends that no tender was ever made. It is a well settled principal of law that a tender to

Comstock v. Lager.

be of avail must be unconditional, must be absolute and un-hampered; that conditions attached to tenders destroy their validity.    Henderson v. Cass Co., 107 Mo. 50; Kitchen v. Clark, 1 Mo. App. 430, 435; Noys v. Wycoff, 114 N. Y. 204; Holton v. Brown, 46 Am. Dec. 148; Storey v. Krewson, 23 Am. Rep. 668; Elderkin v. Fellow, 60 Wis. 339; 25 Am. and Eng. Ency. of Law, pp. 912, 915, and cases cited; 1 Chit. Gen'l Pr. and and notes, and notes to Shars. Bla. Com. 303; Loring v. Cook, 3. Pick. 48, and cases cited; Frost v. Bank, 8 Hund 26.    (2) The respondent, mortgagee, was not re-quired to act at once when the alleged tender was made him by appellant.    The party to whom tender is made is not required to act forthwith, but a reasonable opportunity must be given to satisfy himself of his rights.    Root v. Burhans, 49 Mich. 27; Engle v. Hall, 45 Mich. 58; Chase v. Welch, 45 Mich. 346; Tuthill v. Morris, 81 N. Y. 98. • (3) Appel-lant will doubtless concede that a tender to have any force on which to base an action or defense must be declined or refused.    It is unnecessary to cite any authorities on this point.

SMITH, P. J.—This is a suit to redeem from the op-eration of a certain deed of trust ten acres of a tract of land containing two hundred and nineteen acres.

The case is about like this:    One Good purchased of defendant said tract of land, and to secure the deferred pay-ments of the purchase money, the former executed a deed of trust.    Good conveyed the said tract to plaintiff subject to the deed of trust which contained a clause to STATEMENT. the effect that "the said Joseph Lager (defend-ant) agrees that if at any time the said Good, or his heirs, executors or assigns, desires any portion of the land herein described, released from this lien, such release shall be made on the payment to said Joseph Lager, or as-signs, the proportionate amount due per acre, on such num-

ber of acres as the said Good, or his heirs, executors or assigns, may desire to have released, except that part of the said land on which the buildings are now located."

After plaintiff had paid $3,000 to defendant on the notes mentioned in the deed of trust he applied to the defendant for a release of a ten acre triangular piece of said land lying east of the line of the Maple Leaf Railroad. The undisputed evidence shows that plaintiff caused to be prepared a proper quitclaim deed releasing said ten acre piece of the said tract from the operation of the deed of trust and in company with a notary public called on the defendant and requested that he execute the release so prepared. The plaintiff at the time of making this request, offered the defendant $200 which, it is not disputed, was a sufficient amount to entitle the plaintiff to the release under the terms of the clause in the deed of trust hereinbefore quoted.

The mooted question here, is whether there was such a tender made by the plaintiff to the defendant of the $200 as entitled the former to the release by the latter. It appears from the testimony adduced to maintain the issue on the plaintiff's behalf, that the plaintiff accompanied his request for the release with the statement to defendant that he was ready to then pay the $200, at the same time exhibiting to the latter a roll of bills which he testified was $200 in legal tender notes. It further appears that the plaintiff told the defendant that he would pay him over this sum of money if he would execute the desired release or agree to then execute it. The defendant declined to receive the money except as a general credit on the unpaid deed of trust notes. He however finally told the plaintiff that if he would pay the money to the Clyde Bank that he would consider the matter of executing the release. The plaintiff, to keep his tender good, paid into court the $200, subject to its orders.

It does not appear that the defendant refused to accept the plaintiff's offer because the same was not sufficient in

amount to entitle him to a release of the land.
Defendant now insists that the offer was not an
unconditional tender, but was made on condi-
tion that he execute the release; and that, there-
fore, it was not a valid tender. The general
rule is, that a tender, to be of any avail, must be
absolute and unconditional. Henderson v. Cass Co., 107 Mo.
50. But this rule is not without exception as will be seen by
reference to the authorities. The word "tender," as used in
connection with mutual and concurrent promises, does not
mean the same kind of an offer as when used in reference to
the payment, or offer to pay an ordinary debt due in money,
when the money is offered to a creditor who is entitled to re-
ceive it, and nothing further remains to be done, and the
transaction is completed and ended; but it only means a
readiness and willingness accompanied with an ability on the
part of one of the parties to do the acts which the agreement
requires him to perform, provided, the other will concur-
rently do the things which he is required by it to do, and a
notice by the former to the latter of such readiness and abil-
ity imply an offer or tender in the sense in which these words
are used in reference to mutual and concurrent undertakings.
It is not an absolute and unconditional agreement to do or
transfer anything at all events, but it is, in its nature, condi-
tional only, and dependent on, and to be performed only in
case of the readiness of the other party to perform his part
of the agreement. Clark v. Weis, 87 Ill. 438; Englebach v.
Simpson, 33 S. W. Rep. (Tex. Civ. App.) 596; Wheelock
v. Tanner, 39 N. Y. 486; Mankel v. Belscamper, 84 Wis.
218; Halpin v. Ins. Co., 118 N. Y. 175.

In Johnson v. Garlich, 63 Mo. App. 578, it was said:
"As a general rule a tender must be unconditional. But
there are cases where, necessarily, a conditional tender is
sufficient, such as cases where there are concurrent acts to be
performed by the parties. Thus, where purchase money is

*Margin note:* TENDER: uncon-
ditional: mu-
tual and con-
current prom-
ises: readiness
and ability.

to be paid on the delivery of a deed of conveyance, a tender of a sufficient deed may be accompanied with the condition that the money be paid, and *vice versa*. It is the duty of the payee of a negotiable promissory note to deliver it to the payor upon payment, and the payor may tender the sum due, upon condition that it be surrendered, or, if lost, indemnity given." A tender of a deed need never be shown where the party to whom it should be made refused in advance to accept it, Land Co. v. Baylor, 71 Mo. App. 94, or refuses in advance to perform the condition on which alone a tender is made necessary. McManus v. Gregory, 16 Mo. App. 375. And a party who makes a tender for a deed under a contract need not part with the money until he receives the deed. If the vendor offers to take the money, but refuses to make the deed, this is a refusal of the tender, and it is a useless ceremony to count out the money after that. Blunt v. Tomlin, 27 Ill. 93. Under the clause of the deed of trust providing for the release, the duty to release and to pay for the release were mutual and concurrent duties. It was thereby made as much the duty of the defendant to execute the deed of release when requested so to do as it was that of the plaintiff to pay the consideration for such release. The plaintiff was not required to pay for the deed of release before it was executed and delivered, nor was the defendant required to execute and deliver such deed before he received the consideration. The theory of the clause of the deed of trust is that the stipulated acts of the parties should be simultaneously performed. The plaintiff was justified in requiring that the release be delivered to him as a condition of parting with the money offered. It is not disputed that the plaintiff showed a readiness and willingness, coupled with the ability on his part, to pay the amount required by the terms of the clause of the deed of trust, if the defendant would concurrently execute and deliver the deed of release required by said clause, and that of this the defendant had ample notice. According to the authorities, to some of which we have just referred,

this constituted a tender, and all the tender that the plaintiff was required to make in a case of this kind.

It is therefore clear that under the agreement embodied in the clause of the deed of trust the plaintiff was not required to deposit the consideration money for the deed of release in the Clyde Bank in order to entitle him to the execution and delivery of such deed. This was unnecessary upon what seems to us to be the undisputed facts of the case. It appears to us that the plaintiff is clearly entitled to the relief for which he has prayed in his petition.

The decree of the trial court in dismissing the plaintiff's petition can not be upheld; and accordingly we shall reverse the same and direct that court to enter a decree for plaintiff in accordance with the prayer of his petition. All concur.