JOHN PURSLEY, Appellant, v. HENRY L. GOOD et al., Defendants.

### Kansas City Court of Appeals, May 5, 1902.

1. **Appellate Practice:** WEIGHT OF EVIDENCE: FINDING. Appellate courts will not interfere with the finding below when it has any material support in the testimony.

2. **Vendor and Vendee:** OPTION TO RESCIND: CONTRACT: NOTE. Plaintiff conveyed certain land to the defendant and defendant gave his note for the deferred payment. At the same time plaintiff agreed in writing to take back the place if defendant wished him to at the end of four years and in that event the eight-hundred-dollar note was to become void: *Held*, the option to rescind was with the defendant alone and unless he did so the note was collectible.

3. ———: ———: TIME: BURDEN OF PROOF: TENDER. The burden was on the defendant to show a tender of a deed within the time and the fact that plaintiff would not be able to comply with the contract will not excuse his want of tender, neither can he claim that time was of the essence of the contract.

4. ———: MUTUAL COVENANTS: PURCHASE MONEY: DEED. The delivery of a deed and the payment of the money are mutual and dependent covenants and the vendor must tender his deed and can not rest on the presumption that the vendee is not able to pay the purchase money.

5. ———: TITLE: INCUMBRANCE. The vendor must tender to the vendee a deed to the land unincumbered.

6. ———: RESCISSION: NOTICE. Where defendant notifies plaintiff that he will not carry out the contract of rescission he becomes liable for the remainder of the purchase money.

7. ———: CONTRACT TO RECONVEY: NOTE. Under the contract it is held the note of the defendant was to be void in the event plaintiff took the land back, but there is no such provision in case the contract was not rescinded.

8. ———: EVIDENCE: VARYING: WRITTEN CONTRACT: TENDER OF DEED. Although evidence tending to contradict a writ-

ing was admitted without objection, it is held·it does not vary the written contract so as to relieve the defendant from the obligation to tender a deed under his contract.

Appeal from Cooper Circuit Court.—*Hon. Jas. E. Hazell,* Judge.

REVERSED *(with directions).*

*W. M. Williams* for appellant.

(1)   Plaintiff, under the pleadings and the undisputed evidence, was entitled to judgment upon the note.   He still retains the land.   He can not be permitted to keep the land and refuse to pay the eight hundred dollars which, confessedly, was to be paid to the plaintiff in that event.   Smith v. Busby, 15 Mo. 392; Pershing v. Canfield, 70 Mo. 140; Frink v. Thomas, 12 L. R. A. 239.   (2)   The mere mental election of H. L. Good to reconvey the land to plaintiff at the expiration of the five years can not forfeit plaintiff's right to the eight hundred dollars represented by the note sued on. Devore v. Devore, 138 Mo. 187.   Plaintiff never, at any time, refused to take the land back, or waived the necessity for a tender.   McLeod v. Snyder, 110 Mo. 298; Frink v. Thomas, 12 L. R. A. 239.   (3)   Plaintiff, like any other vendee in an executory contract, was entitled to the land free from incumbrance.   It was his right to have the title retransferred to him in the condition it was when he conveyed the land to the defendants.   It is not enough that the defendants could have satisfied the deeds of trust.   Thompson v. Craig, 64 Mo. 312; Wellman v. Dismukes, 42 Mo. 101.   (4)   If plaintiff failed and neglected to take back the land on the first day of November, 1899, and the contract was valid and required him to do so, Good's remedy was not a forfeiture of the eight hundred dollars—but he might have gone into equity for a specific performance of the contract.   He could have asked for

the enforcement of the agreement by the cancellation of his note, the transfer of the legal title to Pursley, and the enforcement of a lien for thirty-two hundred dollars in his favor upon the land. Scudder v. Waddingham, 7 Mo, App. 36; Stewart v. Wood, 63 Mo. 252; Maupin on Marketables Titles, secs. 3, 5; Green v. Ditsch, 143 Mo. 1. Or he could have retained the land and sued for the damages, which would be the difference between the purchase price and the actual value of the land on the first day of November, 1899, or 1898, as the contract seems to be. 2 Sutherland on Damages (2 Ed.), Secs. 567-569. (5) A condition can not be added to the note by parol evidence. It is not competent to engraft upon it by parol a provision that it was only to be held as an indemnity, as defendant Good attempted to make appear by his evidence. Jones v. Jeffries, 17 Mo. 577; Massmann v. Holscher, 49 Mo. 87; Jones v. Shaw, 67 Mo. 667.

*Rutherford & Chambers* for respondents.

(1) Defendant contends that the $800 note was no part of the purchase price of said land, but was given merely as a penalty, which was to be paid only in the event that defendant Good should refuse or was unable to reconvey this land to plaintiff on the first day of November, 1899. This issue was clearly raised by the pleadings and the court tried the case upon that theory, as shown by the evidence and the instructions asked by plaintiff and given by the court. Where there is any substantial evidence to support the findings of the trial court, its judgment will be affirmed. Moore v. Farmer, 156 Mo. 33. (2) Unless the note sued on was given as part of the purchase price for the land mentioned, it was without consideration. The trial court found it was without consideration, upon substantial evidence offered by defendants. That finding is conclusive upon this court. Rice v. McClure, 74 Mo. App. 383; Rogers v. Warren, 75 Mo. App. 271. (3) If

the note sued on was without consideration, plaintiff could not recover thereon. Bank v. Schnur, 57 Mo. App. 176. (4) Defendant Good was to reconvey the land to plaintiff on the first day of November, 1899, upon the payment to him of $3,200, and not after that date. Time was the very essence of this contract. Good was ready and able to reconvey the land prior to and on the date named. Pursley was unable to procure the money to pay him the $3,200. After November 1, 1899, Good had the right to refuse to reconvey. The land was increasing in value. After this date Good was under no obligation to either reconvey the land or pay the note. Glass v. Rowe, 103 Mo. 513; Mason v. Payne, 47 Mo. 517. (5) There was no necessity for Good to make Pursley a formal tender of a deed. If Good had tendered plaintiff a deed properly executed, on November 1, 1899, it would have been unavailing, as plaintiff admits in his letter to Good. Such tender would have been a mere idle ceremony. This the law does not require. Harwood v. Diemer, 41 Mo. App. 48; Soap Works v. Sayers, 55 Mo. App. 15; McManus v. Gregory, 16 Mo. App. 375.

BROADDUS, J.—The plaintiff seeks to recover judgment on a promissory note for the sum of $800 and interest, dated October 20, 1894, and due in five years from said date.

The defendants admit the execution of the note, and as a defense they allege the following, viz.: That at the date of said note the plaintiff conveyed to the defendant, Isaac Good, one hundred and sixty acres of land, situate in Cooper county, Missouri, for the expressed consideration of $4,000, but in fact only for the actual consideration of $3,200; that the real purchaser was Henry L. Good, but that the title was conveyed to Isaac Good, for reasons that are not important to be stated in this opinion; that defendant Henry L. Good paid the said sum of $3,200 in cash for the land and executed the note in

Vol 94 app—25

suit for $800, with defendant Isaac Good as security, upon the agreement and understanding that at the end of four years from said date he should have the option of either reconveying said land to the plaintiff for the said sum of $3,200, or of retaining the same and paying plaintiff an additional sum of $800 for which the note in question was given, and that said agreement was reduced to writing and is as follows: "Oct. 20, 1894. I hereby agree that if at the end of four years or on the first day of November, 1898, that if the said Henry Good wants me to that I am to take the place back, and the note of $800 is to become void, and he is to deliver the place up to me on November 1, 1898, for $3,200."

The defendants then proceed to allege that the real consideration for said land agreed upon between the parties was said sum of $3,200, and that the defendants were not to pay any more for said land, unless the said Henry L. Good should refuse to reconvey the same to the plaintiff within the time specified in said contract, and under no other circumstances should said note become payable; that at the end of the time specified in said contract, defendant Henry L. Good requested the plaintiff to take the land back and cancel the note, to which request plaintiff agreed, and a day was fixed on which the parties should meet at which time defendant Henry L. would reconvey the land to plaintiff upon the repayment to him of the $3,200 and the surrender of said note for $800, but that plaintiff failed at said time so agreed upon to pay to him the $3,200 and to surrender said note. The defendants allege that they have at all times been ready and willing to reconvey said land to the plaintiff upon the payment to them of said sum of $3,200 and the surrender of said note. They do not allege any willingness, in their answer, to comply with the terms of said agreement, and make no offer to that effect, but rely upon the facts set up to defeat a judgment upon the note.

The plaintiff, in his reply, admits the execution of the

written agreement set out in defendants' answer, but denies that defendants elected on the first day of November, 1898, or at any other time, to rescind said contract, and alleges that defendants at no time tendered a deed to plaintiff reconveying the land to him. On the contrary, he alleges that defendants were not in a condition to reconvey said land to him, as the same at said time was incumbered by a deed of trust given by defendant Henry L. Good.

The evidence showed that the land had been conveyed by Isaac Good to his co-defendant Henry L. Good, and that on the first day of November, 1898, it was incumbered by a deed of trust, which has since been paid off and discharged.

The defendants both testified on the trial. The evidence of Isaac Good as to the consideration of the note is substantially in harmony with the facts alleged in the answer, and coincide with the written agreement. The evidence of Henry L. Good, in the main, is in conflict with, not only the allegations of his answer, but also with the said written agreement. However, after many equivocations and contradictions, on cross-examination, he stated that the note in suit was not to be paid unless he refused to reconvey the land to plaintiff, or was placed in such a position that he could not do so.

The finding of the court, sitting as a jury, was for the defendants. The plaintiff has appealed. As the plaintiff seeks to recover on the ground that the finding should have been for the plaintiff, we will not comment on his evidence (although it appears to be entitled to more weight than that of defendant Henry L. Good), but only consider that of the defendants, upon the theory that appellate courts will not interfere with a finding when it has any material support in the testimony.

It appears from Henry L. Good's testimony that in July, 1899, he wrote to plaintiff that if he wanted the land and intended to take it back, that he would turn it over to him at any time, to which plaintiff replied signifying his willingness.

to take the land back. On the first day of October, 1899, plaintiff wrote defendant Henry L. Good that he would be ready by the sixteenth day of that month to pay him for the land. It seems that the business was not concluded at that time, for the reasons that the plaintiff had not been able to raise all the money necessary to repay defendant Henry L. Good, and on the sixth of November Henry L. Good wrote the plaintiff to the effect that as he had failed to be ready on the sixteenth of October, he had been compelled to make other arrangements about money, and that he need not go to any further trouble about the land. There was other evidence tending to show that the plaintiff had begun in October, 1898, to get money to repay defendants, but that he was rather unsuccessful in his efforts, and that he had at no time prior to November, 1899, money sufficient for the purpose. The plaintiff, and defendant Henry L. Good, never at any time after the original transaction prepared to rescind the same upon the terms and conditions specified in the writing executed at the time the land was conveyed as aforesaid. Under the terms of this writing, which must be construed as a part of the deed itself, defendant Henry L. Good alone had the option to rescind; unless he elected to do so, he could keep the land, and plaintiff would be entitled to the payment of the note. All the verbal testimony on this point is corroborative of the writing. If, however, defendant elected to reconvey the land to plaintiff upon the payment of the $3,200, the note was not to be paid.

We are at a loss to understand upon what theory the court based its finding in favor of the defendants, unless it was the failure of the plaintiff to tender to the defendants the sum of $3,200, and demand a reconveyance of the land. That is to say, that by his failure in that respect he forfeited his right to recover on the note. It will be necessary to state that, notwithstanding the writing provided that the time for rescission was to be November, 1898, the parties understood and

acted upon the idea that the actual time agreed upon was November, 1899.

The argument of defendants' counsel is, that the time fixed for the rescission of the contract was the very essence thereof; and that as Henry L. Good was ready and able to reconvey the land to plaintiff at and prior to said date, and as plaintiff did not have the money necessary to carry out the agreement on his side, defendant was relieved thereafter from any obligation either to reconvey the land or pay the note. Under the terms of the contract, the right to rescind was wholly with defendant Henry L. Good, and yet he took no action to enforce his rights in that respect, except to signify that if plaintiff would pay him the $3,200, he would reconvey the property to him. He says that he was able and willing to comply with the terms of his contract, but that he never offered to do so, for the reason that the plaintiff did not have the $3,200 to pay him, and therefore it would have been unavailing had he tendered a deed. The burden was on defendants to show a compliance with the contract before they can invoke a forfeiture, and they will not be allowed, as an excuse for a failure to comply on their part, that it would have been unavailing, for the reason that the plaintiff would not have been able in any event to obtain the money to repay them the $3,200. The rule that a tender, if made, would be unavailing, dispenses with the necessity of proving tender, does not apply to the facts of this case. The rule applies when one party repudiates the contract or has placed himself in a condition that prevents him from complying with it. Harwood v. Diemer, 41 Mo. App. 48; Soap Works v. Sayers, 55 Mo. App. 15; McManus v. Gregory, 16 Mo. App. 375.

The plaintiff here, at all time, recognized the contract, and had at no time placed himself in a condition that would have prevented a compliance with it on his part. The money was to be paid upon the delivery of a deed executed by defendant Henry L. Good. They were to be co-temporaneous

acts, and the defendant can not evade liability on the ground that the plaintiff was in no condition to perform, on his part, for the reason that he did not have the money with which to pay him $3,200. That was the plaintiff's business. Devore v. Devore, 138 Mo. loc. cit. 187; McLeod v. Snyder, 110 Mo. 298.

The rule is universal that in the sale of land where the promise to pay the purchase money and make a deed are mutual and dependent covenants, the vendor, in an action to recover the purchase money, must either offer to convey or tender a deed. Olmstead v. Smith, 87 Mo. 602. The covenants of the plaintiff and defendants were mutual, and dependent, that is, defendant Henry L. Good, if he so elected, was to reconvey to the plaintiff the land, at which time the plaintiff was to pay him the price of $3,200. The defendants, however, assumed that plaintiff would not have the money, therefore, no tender was deemed necesary, and none was made.

It is also worthy of note that defendant Henry L. Good, after he got the title to the land in his own name from Isaac Good, incumbered it by a deed of trust to secure the payment of a note for several hundred dollars, which was a subsisting lien on the land at the date when he should have tendered plaintiff a deed for the property. He explains that he had the right to pay this incumbrance off at any time, and would have done so, if the plaintiff had been able to comply with his part of the contract. He assumes too much. The law required of him to tender to the plaintiff a deed to the land unincumbered. Having decided that the plaintiff would not be able to rescind the contract according to its terms, defendant Henry L. Good concludes to keep the land, and avoid the payment of the note. If time was of the essence of the contract, it has been waived by defendants for failure upon their part to tender a deed at the proper time, and not having done so, they ought to pay the note.

When the plaintiff was notified by one of the defendants

that he would not carry out the contract of rescission, he made his election, and the condition on the part of the plaintiff to take the land back at the price of $3,200, was no longer obligatory. The conduct of the defendants in asking, under the facts disclosed by their own evidence, that the plaintiff's rights in the note be held as forfeited, is most extraordinary. It is apparent from the record that defendant H. L. Good's intention was to hold the land and avail himself of every pretense to avoid payment of the note, and that his pretended willingness to reconvey the land to the plaintiff was based upon the idea that the plaintiff would not be able to procure money enough to redeem the land.

It will also be observed that under the contract the note in suit was to become void in the event the plaintiff took the land back, but there is no such provision in case the contract was not rescinded. Henry L. Good, in one part of his evidence, states that he never expected to pay the note under any circumstances, no matter whether he kept the land or gave it up, and in another part of his evidence he said the note was executed to be paid in the event he did not want to give up the land. He was then asked the question: "Then you were to pay it of course?" which he answered by saying: "Yes, sir. But if I tendered him the land or was ready to give it up, then the note was to become void." This kind of evidence, which tends to contradict the writing, was admitted without objection, but taken the most favorably for the defendants, it does not vary the written contract so as to do away with the obligation upon them to tender to plaintiff a deed to the land before they would have the right to declare the note void.

Defendant Henry L. Good, the holder of the title to the land, by his failure to tender a deed reconveying same to plaintiff, and by his notice to the plaintiff of November 6, 1899, that he would not then rescind the contract, waived his right of election to reconvey for the price of $3,200 and a

surrender of the $800 note in, suit.    We are not holding that there could have been a forfeiture of the note in question had there been a compliance with the contract on the part of defendants and a non-compliance on the part of the plaintiff, because that question is not necessarily involved for a complete determination of the case, but assuming such to be the case, we hold that defendants, by their failure to comply with the contract, are not in a position to invoke a forfeiture.

It seems to us from all the evidence, the defendant Henry L. Good, the principal in the note, acted in bad faith, and that his object from the beginning was to oppress and defraud the plaintiff.    An examination of his evidence shows that he not only aimed to wrong the plaintiff, but that he was willing to do so at the expense of truth.    No man intending to tell the truth, was ever involved in more contradictions, and on questions of vital importance to the case; and we have no hesitation in saying that no court should be bound by his evidence.

As the evidence disclosed no defense to the note, the judgment should have been for the plaintiff, therefore the cause is reversed with directions to render judgment for plaintiff for the amount of the note and interest.    All concur.