ALFONZA NOAH, Respondent, v. GERMAN INSURANCE COMPANY, OF FREEPORT, ILLINOIS, Appellant.

St. Louis Court of Appeals, February 23, 1897.

1. **Insurance, fire:** ALTERATION OF POLICY : PRESUMPTION : ONUS. Where an alteration has been made in a policy of insurance, and the question is, when and by whom was it made, the presumption is, that it was made either before or contemporaneously with the signing of the policy, and the burden of proving that it was made afterward is upon defendant.

2. ————: MUTUAL MISTAKE : EQUITABLE DEFENSE. In a suit on a policy of fire insurance, it was a conclusive answer to a claim by defendant of a mistake in the contract—that the minds of the parties did not meet, that no such defense was made in the court below. If a mistake was made, as claimed, and it was mutual, it should have been set up as an equitable defense to the suit.

*Appeal from the Lincoln Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*Harrison & Harrison* for appellant.

The evidence shows that the contract between the parties was for three years' insurance, and that the time had elapsed before the fire; and where there is no conflict of evidence it is the duty of the court to take the cause from the jury.    Whether there is any evidence or what its legal effect may be is to be declared by the court, and if there is any evidence to support an issue it is the duty of the court to so instruct the jury. *Charles v. Patch*, 87 Mo. 450, at 462; *Callehan v. Worne,* 40 *Id.* 131; *McFarland v. Bellows,* 49 *Id.* 311.

To constitute a valid contract of insurance, the minds of the parties must meet. This was done when the application was accepted for three years. Ost. on F. Ins., p. 28, sec. 9; Wood on Ins. [2 Ed.], p. 16, sec. 5; *Strohn v. Ins. Co.*, 37 Wis. 629; *Stephens v. Ins. Co.*, 54 N. W. Rep. 139.

There is no dispute but that the application was written for three years and that plaintiff held a receipt which called for a three year policy, and that must have been the time on which the premium was paid, and there was no contract unless the terms were agreed upon, as made in the proposal by the application. 1 May on Ins. [3 Ed.], p. 81, sec. 50; 1 Beach on Ins., pp. 470, 496, secs. 482, 507.

According to plaintiff's testimony the change in the term of the policy from three to "five" years, was made by a stranger. It was then not an alteration, but a spoliation, and the policy should be read, as originally written, for three years. *Medlin v. Platte Co.*, 8 Mo. 239; *Bank v. Hoeber*, 8 Mo. App. 176; *Murray v. Peterson*, 33 Pac. Rep. (Wash.) 969; *Waring v. Smyth*, 39 Am. Dec. 302, and cases cited; 1 Greenlf. Ev. [15 Ed.], p. 706, sec. 566, and citations; 3 Rand. on Com. Paper, p. 875, sec. 1764, and citations; 2 Par. Con. [8 Ed.], 835, sec. 716.

Under the authorities *supra* the burden of proof was on plaintiff to explain the spoliation of the policy, having retained it over four years. The alteration of the instrument after execution is suspicious, and the holder must explain it. *Waring v. Smyth*, 47 Am. Dec. 304, note 1, and citations.

*Norton, Avery & Young* for respondent.

When a building and its contents are insured in separate amounts by the same policy, a breach of war-

ranty as to one will not invalidate the insurance as to the other. *Trabue v. Ins. Co.*, 121 Mo. 75; *Hallaway v. Ins. Co.*, Id. 87; *Stephens v. Ins. Co.*, 61 Mo. App. 194.

If policy was written for five years through mistake, to entitle appellant to a reformation of the policy, the mistake must be mutual, and must be established by evidence which will strike the mind of the chancellor as free from reasonable doubt. *Steinberg v. Ins. Co.*, 49 Mo. App. 255.

But appellant, in trial below, based its defense upon policy being altered by respondent, or by some stranger for him. He can not adopt a different theory now. *Scott v. Nevada*, 56 Mo. App. 317.

The policy contains all the essential elements of a valid contract of insurance. *Worth v. Ins. Co.*, 64 Mo. App. 583.

Biggs, J.—This is an action on a policy of fire insurance. Upon the face of the policy the defendant insured the plaintiff's dwelling house for $500, and his household goods therein for $400, from the tenth day of May, 1890, to the tenth day of May, 1895. On the twenty-fourth day of February, 1895, the house and its contents were destroyed by fire. The defendant resisted the payment of any portion of the loss, upon the ground that the policy had expired at the date of the fire. It was alleged in the answer that the contract of insurance was for three years; that the policy was issued for that time, and that after the delivery someone, without authority from the defendant so to do, changed it by erasing the word "three" and writing over it the word "five," thereby attempting to change the duration of the risk from three to five years. There was no dispute at the trial that the word "three" was originally written in the policy; that it was par-

tially erased, and that the word "five" was written over it. The policy, which by agreement is before us, conclusively shows this. The question was, when and by whom was the change made. The plaintiff testified that he received the policy through the mail from the general agent of the defendant for the state of Missouri; that it was received in the condition it now is, and that it conforms to the contract of insurance as he understood it. The defendant introduced in evidence the written application for the insurance, which stated that the duration of the risk was for three years. The application was signed by plaintiff. Other facts were established which had some tendency to prove the defense. There was a false warranty as to the amount of an incumbrance on the land and the circuit court instructed the jury that there could be no recovery as to the house. Under the instructions of the court the jury returned a verdict in favor of the plaintiff for the value of the goods. Judgment was entered thereon, and the defendant has appealed.

The circuit court refused to instruct that the burden of proof was on the plaintiff to show that the erasure was made prior to the receipt of the policy by him. Of this the defendant complains. Whether the action of the court was error, depends upon the presumption attending the trial of the issue. Concerning alterations in written instruments, the rule in this state is, that "the law will presume that the alteration was made before, or at least contemporaneous with, the signing of the writing, unless peculiar circumstances of suspicion are patent on its face; and even then the whole question is one for the jury to settle upon all the facts, when and where and with what intent the alteration was made." *McCormick v. Fitzmorris*, 39 Mo. *loc. cit.* 34. The foregoing statement of the rule when applied to cases like

ALTERATION of policy: presumption: onus.

we have here, is somewhat ambiguous. As stated by us in *Grimes v. Whitesides*, 65 Mo. App. 1, "the supreme court could not have intended to decide that, where the alteration or interlineation was of a suspicious character, the presumption stated was entirely removed or that one to the contrary obtained. We take it that the court meant this: that, if the alteration or interlineation is of a suspicious character, the chancellor or jury would be authorized to decide against the presumption on the face of the paper without additional proof." We are therefore of opinion that the defendant's instruction was rightfully refused. The presumption is that the erasure was made either before or at the time the policy was signed, and the burden of proving that it was made afterwards was upon the defendant.

The defendant urges a mistake in the contract,— that is, there was no "meeting of minds" as to the duration of the risk. The conclusive answer to this is, that no such defense was made in the trial court. The only defense was alteration in the contract. If there was a mistake as claimed and it was mutual, the defendant should have set it up as an equitable defense to the action. *Steinberg v. Insurance Co.*, 49 Mo. App. 255.

MUTUAL mistake: equitable defense.

With the concurrence of the other judges the judgment of the circuit court will be affirmed. It is so ordered.