ALFONSA NOAH, Plaintiff in Error, v. GERMAN INSURANCE COMPANY of Freeport, Illinois, Defendant in Error.

### St. Louis Court of Appeals, January 24, 1899.

Judgment: PAYMENT OF: ESTOPPEL: DISCHARGE.   A judgment is a finality and binding on the parties, and an acceptance of payment of a money judgment is a full and complete discharge of the unsuccessful party, against whom the judgment was rendered from all claims which were litigated, and reduced to a certainty by the judgment; both parties are alike estopped from thereafter attacking the judgment, except by a bill in equity for fraud or mistake.

*Appeal from the Lincoln Circuit Court.*—HON. ELLIOTT M. HUGHES, Judge.

WRIT OF ERROR ABATED AND PROCEEDINGS DISMISSED.

NORTON, AVERY & YOUNG for plaintiff in error.

The acceptance by plaintiff of the amount of a judgment is not a release or waiver of errors, and plaintiff is not estopped thereby from appealing.   1 Am. and Eng. Ency. of

Law [1 Ed.], p. 623; Embry v. Palmer, 107 U. S. 8. In cases where appeals and writs of error are concurrent remedies, the taking of an appeal by one party does not deprive the other party of his right to sue out a writ of error. Harding v. Larkin, 41 Ill. 413; Ency. of Plead. and Prac., p. 855. Our statute authorizes writs of error to be taken by each party, and does not provide that all shall be heard at the same time. Laws of Mo. 1895, p. 94. Even should the statute authorize the assignment of cross errors, yet that would not deprive plaintiff of his right to sue out this writ of error, if he prefers to do so. The restriction is that if he elects to avail himself of the statutory remedy, he can not thereafter sue out a separate writ. Page v. People, 99 Ill. 425; Wicklyffe v. Buckman, 12 B. Mon. (Ky.) 424; Ency. of Plead. and Prac., p. 855. We can find only one Missouri case in which cross appeals and cross writs of error were taken separately, and in that case, as the supreme court had exclusive jurisdiction of one, the other was transferred to it, so as to avoid a conflict of jurisdiction. Reed v. Painter, 58 Mo. App. 661.

BARNETT & BARNETT for defendant in error.

By accepting satisfaction of the $400 judgment in this case, the plaintiff in error has ratified it, and can not be heard to ask a reversal of judgment, which he has collected. A party can not accept the benefits of an adjudication, and yet allege it to be erroneous. The judgment is an entirety. If reversed in part it must be in whole. It can not be divided. It must be accepted as a whole, or wholly rejected. The plaintiff can not split his cause of action. Waddingham v. Waddingham, 27 Mo. App. 596; Cassel v. Fagin, 11 Mo. 208-135; 7 Ency. of Plead. and Prac., p. 870, sec. 2, and notes; Austin v. Bainter, 40 Ill. 82; Corwin v. Shump, 76 Ill. 246. (a) Even though the $400 judgment had

not been satisfied, yet this writ of error could not be prosecuted, because plaintiff in error here appeared in this court when the case was here before, and asked for and obtained an affirmance of said judgment, and if said judgment had not been satisfied plaintiff could enforce payment at any time. And to permit him now to hold said judgment and to prosecute a writ of error with the view of obtaining a further judgment in the same cause of action, would be permitting him to split his cause of action. The asking for an affirmance of said judgment, constitutes a ratification. See authorities above cited, and Slater v. Hunt, Mo. App., May 10, '98; Appeal Reporter, vol. I, p. 351. The plea of a release of errors filed in this court is the proper remedy. The writ of error is a new suit, and the defendant in error can plead to it, and set up anything, arising since the trial below, constituting a release. See 1 Ency. of Plead. and Prac., p. 71, sec. 3, and authorities there cited. The issue raised upon said plea need not, in this case, be sent back to the trial court for hearing, as the truth of the allegations in the plea can be ascertained by an inspection of the receipt filed with the plea, and by an examination of this cause when here before, reported in 69 Mo. App. 332. See Beardsley v. Smith, 139 Ill. 290.

BLAND, P. J.—This suit was brought in the Lincoln circuit court on a policy of insurance which insured the plaintiff's house for $500, and his household goods for $400. The petition contained but one count, asking judgment for $900, the face value of the policy. A trial was had resulting in a judgment for plaintiff for $400. The defendant company appealed to this court from that judgment.

The appeal was heard at the October term, 1896, of this court, and the judgment of $400 for plaintiff was affirmed. (69 Mo. App. 332.) The plaintiff in error appeared in this court on that appeal by attorney and made an oral argument

in favor of an affirmance of the judgment, and filed a brief arguing in favor of affirmance. After the judgment was affirmed, the defendant paid the same and all the costs in full, which payment was accepted by the plaintiff. After securing an affirmance and after receiving payment in full of the judgment, the plaintiff sued out a writ of error, and seeks to have so much of the judgment reversed as denied him a recovery of the amount for which his house was insured. The answer to the writ sets out the foregoing facts. Defendant in error contends that by accepting the $400 the plaintiff ratified the judgment as affirmed by this court, and also that there can be but one final judgment in a cause. There can be but one final judgment in any cause. Section 2213, Revised Statutes 1889; Slater v. Hunt, Vol. 1, No. 9, Appeal Reporter, 351, and cases cited. The suing out of a writ of error is the bringing of a new suit. Barber Asphalt Pav. Co. v. Quinn, and cases cited, Vol. 2, No. 1 Appeal Reporter, p. 41. This is, therefore, an attempt on the part of plaintiff in error to split his demand and institute a second suit on a part of the demand after receiving the fruits of a litigation of it as a whole; this can not be done; nor can a party accept the benefits of an adjudication and allege it to be erroneous. Waddingham v. Waddingham, 27 Mo. App. 596. And when a plaintiff has recovered a judgment and received satisfaction of the same, he can not afterwards sue out a writ of error to reverse the judgment. Cassell v. Fagin, 11 Mo. 207. By accepting payment of the judgment of $400, the plaintiff released all errors of that judgment and is estopped from further litigating any and all of the issues raised by the pleadings in the cause; he is estopped by his conduct to deny the validity of the judgment, or to say that it is erroneous. A judgment is a finality and binding on the parties; an acceptance of payment of a money judgment is a full and complete discharge of the unsuccessful party against whom

Spalding v. Bank.

the judgment was rendered, from all claims which were liti-
gated and reduced to a certainty by the judg-
ESTOPPEL.    ment, and both parties are alike estopped from
thereafter attacking the judgment, except by
a bill in equity for fraud or mistake. Plaintiff voluntarily
instituted and prosecuted his action to a final judgment, and
voluntarily accepted payment, and his mouth is forever
closed to impeach the judgment for error or irregularity,
wherefore the writ of error will be abated and the proceedings
dismissed. All concur.