## DUNAWAY, Appellant, v. DAY et al.

### Division Two, June 11, 1901.

1. **Conveyances: USE OF "GRANT, BARGAIN AND SELL:" CONTEXT.** The tenure of lands is not dependent upon the technical meaning of certain words without regard to the context and the circumstances of their use. The intention is to be gathered from the whole instrument. An instrument which "granted, bargained and sold" certain lands upon condition that the party of the second part pay $500 in cash on a certain day and at the same time execute three notes payable in one, two and three years, for the balance of the purchase price, and obligated the parties of the first part "upon the payment of said cash and notes" to deliver "a good and perfect warrantee deed and thereby convey the fee simple title," is not a deed, but simply an option, of which time was of the essence. And the conditions not being complied with, the parties of the second part took nothing thereby.

2. **Contract to Purchase Land: REPUDIATION: ASSIGNMENT.** One who obtains a contract from a party to an option to purchase land who has repudiated it, stands in no better position than such party. Such assignee, in an attempt to juggle with such repudiated contract for his own private gain, will be dismissed in an equity court.

3. **Foreign Corporation: RIGHT TO SUE IN THIS STATE.** A foreign corporation which has not paid its taxes and received a license to do business in this State, can not maintain a suit in the courts of this State to quiet title to land.

Appeal from St. Francois Circuit Court.—*Hon. Jas. D. Fox,* Judge.

AFFIRMED.

*J. M. Holmes* for appellant.

(1)    The written instrument upon which the case is based is a deed and not an option.    Russ v. Goff, 94 Mo. 511; Ellis v. Kyger, 90 Mo. 600; Ford v. Unity Church, 120 Mo. 498; Doman v. Intelligencer Co., 70 Mo. 168; Allen v. Kennedy, 91 Mo. 328; Foote v. Clark, 102 Mo. 404.    (2)    The failure to pay the purchase money at the time specified did not defeat the title.    Knight v. Railroad, 70 Mo. 231; Messersmith v. Messersmith, 22 Mo. 372; Towne v. Bowers, 81 Mo. 497; Weinreich v. Weinreich, 18 Mo. App. 370; Melton v. Smith, 65 Mo. 322.    (3)    The defendant, the St. Joseph Lead Company, is chargeable with notice of the conveyance to appellant.    Conn. Mut. Life Co. v. Smith, 117 Mo. 261; Task v. Kelly, 110 Mo. 127; Hidrick v. Buler, 110 Mo. 91; Jennings v. Todd, 118 Mo. 296; Barrett v. Davis, 104 Mo. 549. (4)    The foreign corporation act has no application to this action.    (5)    The action will lie even though the plaintiff is not in possession.    Thompson v. Lynch, 29 Cal. 189; Hager v. Shindler, 29 Cal. 48; Branch v. Mitchell, 24 Ark. 431; Redmond v. Packingham, 66 Ill. 434; Plant v. Barclay, 56 Ala. 561; King v. Carpenter, 37 Mich. 363; Low v. Staples, 2 Nev. 209; Pier v. Fond du Lac, 38 Wis. 470; Stewart v. Meyer, 54 Md. 454; Redding v. Branhan, 43 Minn. 283; Mason v. Black, 87 Mo. 329.

*Wm. Carter* and *Huff & Sleeth* for respondents.

(1)    The instrument at most was a conveyance upon conditions to be subsequently performed by the grantee, the failure to perform which forfeited or nullified the deed or instrument. We insist that no such construction can be placed upon this instrument as is insisted upon by appellant.    Giving to this instrument "such a reasonable interpretation as will give effect to the intention of the parties as is gathered from the writing it-

self," no court could construe it to be a deed absolute. Redheffer v. Leathe, 15 Mo. App. 12; Bent v. Alexander, 15 Mo. App. 181, 190; Wolf v. Dyer, 95 Mo. 551; Gibson v. Bogy, 28 Mo. 478; Jamison Trustee v. Fopiano, 48 Mo. 194; Davis v. Hess, 103 Mo. 31; Jennings v. Brizeadine, 44 Mo. 335; Guin v. Waggoner et al., 98 Mo. 315; Shank v. Waggoner, 98 Mo. 328; Guin v. Waggoner, 116 Mo. 143. (2) This was simply an option given to the American Mineral Company to purchase on the terms and conditions therein set out, on or before a day certain, to-wit, October 1, 1897, and a failure of the company to close the deal at or before that time forfeited all the rights of the company under that instrument, as well as of its assignees. Grantors did not, therefore, grant any interest in the land; neither was it a contract for its sale. The owners simply parted with their right to dispose of it for the time limited in the option. Ide v. Leister, 10 Mont. 11, 24 Pac. Rep. 695; Gustin v. School District, 94 Mich. 502; Richardson v. Hardwick, 106 U. S. 252; Bostwick v. Hess, 80 Ill. 138; Mers v. Franklin Insurance Co., 68 Mo. 127; 51 Central Law Journal, 84. Time is of the essence of this class of contracts and the prospective purchaser must act strictly within the period limited and communicate his acceptance to the owner before its expiration. Weaver v. Barr, 31 W. Va. 759; Barrett v. McAllister, 33 W. Va. 738; Potts v. Whitehead, 20 N. J. Eq. 59; 51 Central Law Journal, p. 86; Hollmann v. Conlon, 143 Mo. 369. (3) The original agreement between respondents Day and others and the American Mineral Company was void, and no action could be maintained upon it in the courts of this State. Laws 1891, p. 75; Laws 1895, p. 100; R. S. 1899, secs. 1025 and 1026; Williams v. Scullin, 59 Mo. App. 30; Blevins v. Fairley, 71 Mo. App. 259; Erhardt v. Robertson Bros., 78 Mo. App. 404. Nor can any

grantee or assignee of that company maintain such action. Downing v. Ringer, 7 Mo. 585; Erhardt v. Robertson Bros., 78 Mo. App. 409. (4) The defendants being, as alleged by plaintiff, in possession and plaintiff being out of possession and claiming under an instrument which it is alleged conveys to him the legal title, his remedy is at law by way of eject-ment, and not in equity, and this suit should be dismissed. Gamble v. City of St. Louis, 12 Mo. 620; Clark v. Insurance Co., 52 Mo. 272; Keane v. Kyne, 66 Mo. 216; Beedle v. Mead, 81 Mo. 297; Thompson v. Newberry, 93 Mo. 25; Davis v. Sloan, 95 Mo. 552; Graves v. Ewart, 99 Mo. 13; Crisp v. Crisp, 86 Mo. 630; Mason v. Black, 87 Mo. 329, at 346; Ins. Co. v. Smith, 117 Mo. 297; Railroad v. Nortoni, 154 Mo. 149.

GANTT, J.—This is a suit in equity to remove a cloud upon the title to certain lands in St. Francois county, Missouri, and was returnable to the May term, 1898, of the circuit court of said county. The petition alleged that on July 22, 1897, the said lands belonged to the defendants other than the St. Joseph Lead Company; that said defendants other than the St. Joseph Lead Company sold and conveyed said lands to the American Mineral Company, a corporation, which deed was duly recorded in St. Francois county; that thereafter, to-wit, on fourth day of December, 1897, said American Mineral Company conveyed said lands to one David L. Dyas, who afterwards on January 20, 1898, conveyed the same to plaintiff; that the deed of July 22, 1897, by defendants, to the said American Mineral Company was not recorded until December 24, 1897; that the de-fendants, other than the St. Joseph Lead Company, afterwards, on October 6, 1897, made an agreement with said St. Joseph Lead Company by which they obligated themselves to convey said lands to said St. Joseph Lead Company on the first day of November, 1898, which said agreement was duly recorded

upon the tenth day of December, 1897; that defendants having conveyed said lands to said mineral company had no right to contract to convey the same to the St. Joseph Lead Company and said last named company had full notice of said prior deed to said American Mineral Company, and the said recorded agreement constitutes a cloud upon plaintiff's title to said land. The prayer was to declare the said agreement null and void, and to restrain defendants from executing the deed as therein agreed, and for all proper relief.

The adult defendants, William Day, Josephine Day, Mary C. Day, Jennette Covington and M. A. Covington, for their separate answer to plaintiff's petition on file in this cause, admit that they, together with Charles Day and Nora Day, minor heirs of James F. Day, were, on the twenty-second day of July, 1897, the owners of the real estate described in plaintiff's petition. Defendants further admit that on the said twenty-second day of July, 1897, these defendants answering, agreed to sell and convey said real estate to the said American Mineral Company, upon the terms and conditions fully set forth in said agreement. That by the terms of said agreement the said American Mineral Company was to pay to the defendants, on the first day of October, 1897, the sum of one hundred dollars per acre for said lands and real estate in the following manner: five hundred dollars in cash, and the balance thereof in three promissory notes of equal amounts, due in one, two and three years from October 1, 1897, with interest thereon at the rate of six per cent per annum from date, said notes to be secured by the first deed of trust upon said real estate, and said notes were to be executed by the American Mineral Company in favor of the defendants, and upon the payments and execution of the notes and deed of trust, aforesaid, the defendants were to deliver to the said American Mineral Company a deed to said lands, conveying the fee simple title to the same. De-

fendants further answering, state that the American Mineral Company wholly failed and neglected to make the payments and execute the notes and deed of trust as specified, required by the terms of said agreement at the time therein mentioned, to-wit, on the first day of October, 1897, or at all; but, on the contrary, at the time the said payments were due under the terms of said agreement the said American Mineral Company notified these defendants that the trade and deal was off, and that they would not comply with said agreement on their part. Defendants having been so advised and being aware of the fact that the said American Mineral Company had wholly failed to comply with said agreement on its part, entered into an agreement, in good faith, for a valuable consideration, with co-defendant, the St. Joseph Lead Company, on the sixth day of October, 1897, to convey said lands and real estate to the said St. Joseph Lead Company; that at the time of entering into said agreement with the St. Joseph Lead Company the defendants believed that the said American Mineral Company had refused to take and pay for said property, as they had been informed. Defendants further admit that the agreement made by them with St. Joseph Lead Company for the sale of these lands was filed for record and recorded prior to the filing and recording of the agreement between the defendants and the American Mineral Company. These defendants further answering, deny each and every allegation, averment and statement in plaintiff's petition contained not hereinbefore expressly admitted or specifically denied.

These defendants, further answering, aver the fact to be that the said American Mineral Company, the party under whom this plaintiff claims title, is a foreign corporation organized and existing under the laws of the State of Nevada; that said American Mineral Company was a corporation formed for the purpose of pecuniary profit and gain to its stock owners,

and engaged in business in this State without having complied with the laws thereof, and particularly having failed to comply with the provisions of the law of this State entitled; "Corporations, Foreign," approved April 21, 1891, and as amended by an act of the General Assembly of this State approved March 11, 1895, which said law expressly provides that a foreign corporation which fails to comply with the requirements of said law should not maintain any suit or action either legal or equitable in any court of this State upon any demand whether arising out of contract or tort: therefore, the said American Mineral Company could not now, or ever, maintain any suit or action against these defendants in this State upon the alleged cause of action set forth in plaintiff's petition or otherwise, and under the laws of this State, the plaintiff stands in no better position than its alleged grantor, the American Mineral Company, and can not maintain this action against these defendants. Defendants having fully answered, pray the court to be allowed to go hence without day and that they have and recover of and from the plaintiff their costs laid out and expended in and about this case.

"State of Missouri, }
 County of St. Francois. } ss.

"William Day, one of the defendants in the case of Robert H. Dunaway, plaintiff, and William Day, Josephine Day, Mary C. Day, Jennette Covington, M. A. Covington, Charles Day and Nora Day, and William Day, their guardian, and the St. Joseph Lead Company, defendants, being duly sworn upon his oath, states that the said American Mineral Company, one of the plaintiff's grantors and under whom this plaintiff claims title, is a foreign corporation organized and existing under the laws of the State of Nevada, that said American Mineral Company was a corporation formed for the purpose

of a pecuniary profit and gain to its stockholders, and engaged in business in this State without having complied with the laws thereof, and particularly having failed to comply with the provisions of the law of this State entitled, 'Corporations, Foreign,' approved April 21, 1891.

"WILLIAM DAY.

"Subscribed and sworn to before me this thirteenth day of May, 1898.

"J. C. ALEXANDER, Circuit Clerk."

The answer of the St. Joseph Lead Company is as follows:

"Now comes the St. Joseph Lead Company, by its attorneys, and files its separate answer to plaintiff's petition on file in this cause, and for such separate answer, defendant admits that it is a corporation duly organized and existing under and by virtue of the laws of the State of New York, and of this State. Defendant company admits that its co-defendants were, on the twenty-second of July, 1897, the owners of the land and real estate described in plaintiff's said petition. Defendant admits that a certain pretended conveyance, which defendant charges, after inspecting the record of the same, was simply an option to the said American Mineral Company, to purchase the same on the terms in said option mentioned, of date July 22, 1897, was executed by certain of its co-defendants to the said American Mineral Company; admits that it was not recorded in the land records of said St. Francois county, Missouri, until the twenty-fourth day of December, 1897. Defendant admits that on the sixth day of October, 1897, co-defendants, for a valuable consideration, did execute and deliver to this defendant, the St. Joseph Lead Company, a written agreement, wherein and whereby, they agreed upon certain conditions in said agreement fully set forth, to convey the premises in plaintiff's said petition mentioned and described

to the defendant, the St. Joseph Lead Company, on the first day of November, 1898. Admits that said agreement was duly acknowledged before a notary public, and, at the instance of the defendant, the St. Joseph Lead Company, was, on the tenth day of December, 1897, duly recorded in book 53, page 150, of the records of St. Francois county. Defendant, the St. Joseph Lead Company, states that on the sixth day of October, 1897, it entered into a contract with its co-defendants to purchase the premises described in plaintiff's petition, in good faith, and for a full and valuable consideration; that at the time of entering into said agreement, this defendant company had no notice or knowledge of any claim or title to this plaintiff, or either or any of his grantors to said premises, and purchased the same in the full belief that its co-defendants had full title to and good right to convey said premises free from any incumbrances whatever; and so believing, without any knowledge of any claim of any other person or party to said premises, entered into said agreement, as aforesaid. Defendant further answering, denies each and every allegation, averment and statement in plaintiff's petition contained not hereinbefore expressly admitted or specifically denied. Defendant having fully answered prays the court to be allowed to go hence without day and that it have and recover of and from the plaintiff its costs laid out and expended in and about this case."

Wm. Day, as guardian of Charles and Nora Day, minors, filed answer, which was a general denial.

Plaintiff filed replications to the defendant's answers, which were general denials of the new matter set up in said answers respectively.

The instrument declared on as a deed, or so much thereof as is necessary, is as follows:

"This indenture, made in duplicate this twenty-second day

of July, A. D. 1897, by and between William Day and Josephine Day, his wife, and Mrs. Mary C. Day, Jennette Covington and William Day, guardian of the minor heirs of James F. Day, deceased, all of St. Francois county, Missouri, parties of the first part, and the American Mineral Company of Carson City, Nevada, the party of the second part, witnesseth: That the said parties of the first part, for and in consideration of the sum of one dollar, lawful money of the United States of America, and other valuable considerations, to them in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged, have granted, bargained and sold and by these presents do grant, bargain and sell unto the said party of the second part, and to its successors and assigns, the following described property situate, lying and being in the county of St. Francois and State of Missouri, to-wit: [Here follows description of the lands, in St. Francois county.]

"The conditions of this indenture are:

"First. The parties of the first part are to receive on the first day of October, 1897, the sum of one hundred dollars per acre for said lands, payable on that day as follows: five hundred dollars in cash, and the balance thereof in three promissory notes of equal amounts due in one, two and three years from October 1, 1897, with interest thereon at the rate of six per cent per annum from date, said notes to be secured by a first deed of trust upon said lands, and said notes to be executed by the party of the second part in favor of the parties of the first part.

"Second. At the time of the payment of the said cash and notes and trust deed securing the same, the said parties of the first part shall deliver to the party of the second part a good and perfect warrantee deed of said lands and thereby convey the fee simple title free from incumbrance of every kind and nature to the said party of the second part.

"Third.   The party of the second part has the right to enter upon said lands for the purpose of drilling for mineral, to sink a shaft or shafts thereon and to extract ore therefrom, to build and equip a reduction plant thereon, to use timber, stone and other material for its construction from said lands, at all times having due regard for the preservation of the growing crops thereon."

The minors' names are signed by "Wm. Day, guardian."

The agreement with the St. Joseph Lead Company was as pleaded, and executed by the same party and recorded December 10, 1897.   The evidence disclosed that on December 4, 1897, the American Mineral Company, by an ordinary quitclaim deed, conveyed said lands to David L. Dyas, and on January 20, 1898, by another quitclaim, Dyas conveyed to Dunaway, the plaintiff.

Plaintiff offered oral evidence that Dyas, on the eighteenth day of January, 1898, tendered the $500 first payment and his notes for the deferred payments secured by deed of trust executed by him, and the tender was refused.   Also evidence that the officials of the St. Joseph Lead Company on the sixth of October, 1897, were informed that the American Mineral Company had an option to buy the land but did not know its contents . . . . The defendants offered evidence that the attorney to whom the American Mineral Company sent the deed to be executed, told defendants at the time, that if the payments were not made as promised, the deed would be void, and that afterwards on October 4, 1897, he advised them that the American Mineral Company had not sent the money and "the deal was off," and after that they contracted to sell to defendant, the St. Joseph Lead Company; that in fact the payments were not made and that Dyas made the tender in January, 1898, long after they had contracted with the St. Joseph Lead Company. The Secretary of State testified that the American Mineral

Company had not complied with the laws in order to transact business in this State.

I. The instrument executed by defendants to the American Mineral Company was not a deed. Notwithstanding the use of the words "grant, bargain and sell" it is plain that it was not the intention of either party that this paper should be a deed absolute.

The legal effect of the writing is not to be adjudged upon these words merely but upon an inspection and consideration of the whole document, and when this is done it is perfectly apparent that it was merely an option; that defendants were only to make a deed to said American Mineral Company on the first day of October, 1897, if the said company on that date paid defendants $500 in cash and gave its notes for the balance in three equal installments due in one, two and three years, bearing six per cent interest and secured by a first deed of trust and notes executed by said American Mineral Company.

As said repeatedly by this court, the time has long since passed when the tenure of lands by deed was dependent upon the technical meaning of certain words in an instrument without regard to the context and the circumstances attending their use. [Long v. Timms, 107 Mo. 519; Hannibal & St. Joe R. R. v. Frowein, 163 Mo. 1.]

The contention of counsel that the conditions expressed in the deed are to be ignored if they conflict with the granting clause, can not be countenanced. The intention is to be gathered from the four corners and all parts of the document. Being an option, only, time was of the essence of the agreement and both parties so interpreted the document. [Hollmann v. Conlon, 143 Mo. 369.]

There is not the slightest evidence that plaintiff's grantor, the American Mineral Company, performed its part of the agreement, and it is very clear it had no authority to sue in our

courts, not having paid its taxes and received a license to do business in this State. [Laws 1891, p. 75,· secs. 1025 and 1026, R. S. Mo. 1899.] The tardy tender by Dyas (in January, 1898), with whom defendant had no contract and whose notes they had never agreed to take for their lands, was not a compliance with the option and came entirely too late to be of any avail.

The case is so devoid of equity, it is somewhat difficult to give it serious consideration.

The relief prayed is inconsistent with the contention of counsel for plaintiff. If, as he asserts, this document executed by defendants was a valid deed of conveyance, and the St. Joseph Company had notice of it, the defendants being in possession, his remedy was an action at law in ejectment. It is not surprising that Mr. Pipkin soon tired of the performances of Garland, the president of the American Mineral Company; and hastened to sever his connection with the concern.

As there are ample grounds upon which to affirm the judgment, and as the court excluded the correspondence between Mr. Pipkin and Garland and still found for defendants, we deem it entirely unnecessary to discuss that ruling, since Garland's own testimony showed that he was president of the American Mineral Company and advised Mr. Pipkin by letter before October 1, 1897, that the company does not want the land. He testified a majority of the board of that company declined to ratify his contract for the lands in suit. It is plain that the only party with whom defendants contracted refused to comply with the terms of the option and after that, Garland, Dyas and plaintiff were juggling with the said contract for their own private benefit. They stood in no better position than the American Mineral Company and as that company had repudiated the agreement, nothing was left to bind defendants.

The testimony of Garland, upon which plaintiff's case is largely dependent, is full of evasive and contradictory statements, but sufficient is left to disclose the effort to tie up defendants' lands under the guise of a repudiated option, the terms of which had been violated long before Dyas or Dunaway obtained their quitclaims to it.

The plaintiff's case is without equity and was properly dismissed. *Sherwood, P. J.,* and *Burgess, J.,* concur.