**STATE of Missouri, at the Relation of KANSAS CITY LIFE INSURANCE COMPANY, a Corporation, Appellant,**

**v.**

**Thos. C. BOURKE, Clair H. Schroeder, David W. Childs, Herbert E. Duncan and Luther O. Willis, Constituting The Board of Zoning Adjustment of Kansas City, Missouri, Respondents.**

No. 23130.

Kansas City Court of Appeals.

Missouri.

April 4, 1960.

SPERRY, Commissioner.

Plaintiff, Kansas City Life Insurance Company, a corporation, filed its petition with defendants who constitute the Board of Zoning Adjustment of Kansas City, accompanied by a plot of the real estate involved showing in detail the proposed plan of construction of two parking lots, and requesting a permit for construction. The permit was granted in part and was denied in part. Thereafter, plaintiff amended its plot so as to conform to the expressed views of defendants. That application was filed and approved, the permit was granted, and plaintiff began immediate construction of the building. Thereafter, plaintiff sought and obtained a writ of certiorari. The proceedings were reviewed and, from a judgment affirming the order of defendants, plaintiff appeals.

The real estate involved is located on the west side of Broadway and consists of two tracts. The first extends from Broadway to Washington, (north-south streets) about midway between West Thirty-fourth Street and West Thirty-fourth Street Terrace, (east-west streets). It would provide parking for approximately one hundred and ten vehicles. The east part of this tract is zoned as District 3_A2 and the west part as R-4. The other is a smaller tract lying in the rear of a tract on Broadway, extending the entire distance between West Thirty-fourth Street and West Thirty-fourth Street Terrace, upon which a five story office building is being constructed by plaintiff for the occupancy of Panhandle Eastern Pipeline Company. This tract will provide parking for about thirteen vehicles. Both tracts are intended for the use of the employees of Panhandle Eastern. The legal descriptions are stated in plaintiff's petition, which constitutes a part of the transcript filed herein.

In order for plaintiff to obtain a building permit for construction of the office building it was required by ordinance that it must also provide suitable and approved

Jos. R. Stewart, Gerald B. Rowan, Kansas City, for appellant.

Richard H. Koenigsdorf, Guy W. Rice, Kansas City, for respondents.

off-street parking facilities for the use of persons using the building.

A hearing was held and, on June 25, 1959, defendants notified plaintiff that they recommended approval of the application "In part, * * * subject however to the following conditions:

"1. That the parking lot proposed between Broadway and Washington, north of Thirty-fourth Street Terrace observe a set-back of at least twenty feet from both Broadway and Washington Street and that no exit or entrance drive be provided to this parking area from Washington Street.

"2. A minimum side yard of six feet should be observed as shown by plans presented along the north side property line of this parking area for that portion which extends into an R-4 district. The Board waives however, any requirement for a side yard set-back along the south side of this parking area since it adjoins a similarly proposed parking area.

"3. The proposed parking area on the south side of Thirty-fourth Street Terrace immediately west of the proposed office building shall observe a set-back of at least ten feet from the south line of Thirty-fourth Street Terrace. The Board approves however the modification to extend this parking area to within three feet of the alley along the south property line and to extend the paved area to the west property line as indicated by item 'B' on the plans presented to the Board."

Defendants suggested that if plaintiff would submit a revised plan "to provide for the above conditions the plan can be forwarded to the office of the Commissioner of Building and Inspections in order that a permit may be issued." Plaintiff submitted a revised plan conforming to the mentioned conditions. It was approved by defendants and, on July 9, 1959, building permits were issued and construction began. On July 22, 1959, certiorari was instituted.

Defendants contend that plaintiff's action in filing a revised plot in accordance with defendants' conditions, in accepting building permits issued thereon, and in constructing the office building on authority of the building permits, its right of review is barred.

Plaintiffs position is that it can appeal because it may, or might, obtain a more favorable judgment without the risk of a less favorable one.

In Fear v. Ebony Paint Mfg. Co., Kansas City, 238 Mo.App. 560, 181 S.W.2d 559, 562, we held: "It is the general rule that a litigant who has voluntarily and with knowledge of all of the material facts accepted the *benefit* of an order, decree or judgment of a court, cannot afterwards take or prosecute an appeal to reverse the same." (Emphasis ours) We also said that when it is possible for the appellant to obtain a more favorable judgment in the Appellate Court without the risk of a less favorable judgment from a new trial of the whole case there or in the lower court, he may appeal. On the above facts this Court sustained the right to appeal in the Ebony case.

■ An analysis of the zoning ordinance indicates that defendants waived certain ordinance requirements, as to yardage and set-back, and permitted a lesser footage set-back than was required by ordinance. Even a casual reading of the order makes it clear that plaintiff was granted certain concessions beyond the strict requirements of the zoning ordinances, by way of waiver. It was denied others. On the whole order, however, issued after plaintiff had considered the advisability of conforming to the conditions suggested, it received building permits issued on the application and plans as filed by plaintiff. It got all that it requested in the application that it last filed; and it accepted the benefits and immediately acted thereon. By the record made, it appears that both the Board and plaintiff were agreed that the facilities, as approved, were adequate.

In Lumaghi v. Abt, St. Louis, 126 Mo. App. 221, 103 S.W. 104, 105, the Court sustained an appeal by defendant who had paid a judgment solely in order to free his real estate of the judgment lien so that he could proceed with other real estate transactions. But the Court said: "and the judgment was in no degree in appellants' favor, so as to bring them within the rule that a party cannot accept the fruits of a judgment, or so much of it as is favorable to him, and afterwards have it reviewed by an appellate court. * * * *This* judgment was *altogether* in favor of respondent, and the settlement of it was involuntary." (Emphasis ours.) The case at bar is not similar, on the facts, to the Lumaghi case.

Here, plaintiff filed a petition praying for issuance of building permits on *certain specified* conditions. Defendants refused to grant the request on *all* of those conditions, but suggested that they would issue permits if the petition were modified and revised in respect to specific set-backs, entrance ways, etc. A new and modified (or amended) petition was filed and, on *that* petition, the permits were granted. In approving the new application defendants waived some ordinance requirements, as appears from the order itself. Plaintiff cannot retain the fruits of the order and, at the same time, appeal.

When defendants refused to grant the permits on the original petition, plaintiff could have appealed. But, instead, it amended its petition. It thereby completely abandoned its former pleading. The original petition is dead for all purposes and cannot form the basis of an appeal.

Plaintiff says it was coerced into filing the new petition, or in amending the original by filing a new plot, because it had executed a contract whereby it had agreed to deliver possession of the new office building to its tenant on or before a certain date, and also had contracted with its building contractor whereby the latter would be subjected to penalties for failure to have the building ready for occupancy by a specified date. Plaintiff says it was compelled to accede to defendants' suggestion and revise its plans for the parking lots or suffer penalties under the mentioned contractual obligations previously entered into.

We have held that one may, under certain conditions, pay a claimed illegal tax and then sue for its recovery, if failure to pay would have subjected plaintiff to penalties for operation of its business without compliance with the law. We have also held that one may pay a judgment and, nevertheless, appeal under certain conditions. But plaintiff cannot avail itself of that theory because it voluntarily entered into its rental and building contracts, with full knowledge of the existence and provisions of the zoning ordinances, *prior* to the filing of its application for building permits. The situation in which it thus finds itself is one of its own creation, not one resulting from the operation of the law, or of forces over which it had no control. It may not voluntarily create a condition of hardship and then escape the consequences in the manner sought.

The judgment should be affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court.

HUNTER, P. J., and BROADDUS, J., concur.

CROSS, J., not participating.